Scott Selger
251 West Channel Islands Blvd
Port Hueneme, CA 93041
(305) 339-9059 | (805) 396-9963
Sierra7echo1@gmail.com



**FILED**

Dec 01 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY     s/ ArminCortez     **DEPUTY**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT REID SELGER,<br><br>       Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO;<br><br>CITY OF CHULA VISTA;<br><br>CVPD OFFICER DOE 1, IN BOTH INDIVIDUAL/ OFFICIAL CAPACITY;<br><br>CVPD OFFICER DOE 2, IN BOTH INDIVIDUAL/ OFFICIAL CAPACITY;<br><br>CVPD OFFICER DOE 3, IN BOTH INDIVIDUAL/ OFFICIAL CAPACITY;<br><br>CVPD OFFICER DOE 4, BOTH INDIVIDUAL/ OFFICIAL CAPACITY;<br><br>NURSE NICOLE SDCJ, BOTH INDIVIDUAL/ OFFICIAL CAPACITY;<br><br>DOCTOR DOE, SDCJ 1, IN BOTH INDIVIDUAL/ OFFICIAL CAPACITY;<br><br>AND DOES 5–20, INCLUSIVE,<br><br>       Defendant | Case No.: Selger vs County of San Diego et al<br><br>**'25CV3395 CAB VET**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**AND INJUNCTIVE RELIEF**<br><br>**(42 U.S.C. § 1983 – CIVIL RIGHTS)** |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 1

**PARTIES**

1. Plaintiff SCOTT SELGER ("Plaintiff") is, and at all relevant times was, a resident of the State of California, residing in the County of San Diego, and is the victim of the actions and omissions described herein.

2. Defendant City of Chula Vista ("City") is a municipal corporation, organized under the laws of the State of California, and is responsible for the policies, practices, and customs of its law enforcement agencies and employees.

3. Defendant Chula Vista Police Department Officers:

Officer John Doe 1 (Badge #_____),

Officer John Doe 2 (Badge #_____),

Officer John Doe 3 (Badge #_____),

Officer John Doe 4 (Badge #_____),

(Names and badge numbers to be amended when known. Each is sued in their individual and official capacities.)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 2

4. Defendant County of San Diego ("County") is a public entity responsible for the operation, management, and oversight of the San Diego County Jail and its employees.

5. Defendant Nurse Nicole and Defendant Doctor Richard Roe are employed by the County of San Diego at the San Diego County Jail, and are sued in both their individual and official capacities.

6. DOES 1–20: Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

7. DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

**JURISDICTION AND VENUE**

8. This action arises under the United States Constitution and laws of the United States, including 42 U.S.C. § 1983.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because all acts and omissions giving rise to these claims occurred within the Southern District of California.

## INTRODUCTION AND SUMMARY OF CLAIMS

11. This is a civil rights action for damages and declaratory relief arising from violations of Plaintiff Scott Selger's rights under the United States Constitution and laws of the State of California. Defendants, acting under color of law, subjected Plaintiff to unlawful arrest, deliberate indifference to serious medical needs, denial of due process, and violation of established policies and constitutional guarantees.

12. Plaintiff alleges that the City of Chula Vista, by and through its police department and individual officers, maintains a policy, practice, or custom that results in the routine deprivation of civil rights in the handling of domestic violence cases—especially where the male is the victim and the female is the accuser—resulting in false arrest, failure to collect exculpatory evidence, and violation of the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment.

13. Plaintiff further alleges that the County of San Diego, through its jail staff, medical personnel, and policies, engaged in deliberate indifference to

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 4

Plaintiff's serious medical needs, including refusal to follow physician orders, failure to provide timely medical care, and subjecting Plaintiff to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

14. Plaintiff seeks compensatory and punitive damages, attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

## FACTUAL ALLEGATIONS

15. Plaintiff Scott Selger is the victim of a violent assault perpetrated by his wife, Juli Yslas Dubois, on or about October 7, 2025, resulting in multiple defensive injuries, including puncture wounds, bite marks, lacerations, and blunt trauma. At all times, Plaintiff acted in self-defense and made every effort to de-escalate the situation and protect his child from harm.

16. After the incident, Plaintiff attempted to secure medical care, preserve evidence, and contact law enforcement. When officers from the Chula Vista Police Department arrived, they disregarded all exculpatory evidence offered by Plaintiff, including photographic and video documentation, eyewitness statements, visible injuries on Plaintiff, and the absence of any injuries on the alleged perpetrator.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 5

17. Plaintiff was ordered from his home at gunpoint, despite informing officers of his cardiac condition and need for urgent medical care. Officers ignored visible evidence of Plaintiff's injuries, failed to follow established protocols for evidence collection and documentation, and arrested Plaintiff based solely on the uncorroborated statements of his wife.

18. For 30 minutes I was deprived of medical attention (the cops cited scene safety except I was the only one there), while my wife was seen immediately. 45 minutes I sat in front of my house with no shirt and bloody for the neighbors to see. My wife received immediate transport from down the street shielded.

19. None of the considerable evidence I offered was taken into consideration. The fact that Juli had no injuries, that I had a heart condition (which they were told), and that I was the only one with injuries, was all disregarded

20. Notably, at every stage of Plaintiff's detention and medical evaluation, independent third-party professionals, including both treating hospitals and the San Diego County Jail medical staff, formally documented Plaintiff as a victim of battery, and not the perpetrator, due to the lack of any marks at all on plaintiff's hands.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 6

21. These findings were entered into the official medical record contemporaneously with the events. Despite this clear, neutral documentation, Defendant police officers disregarded all such evidence and arrested Plaintiff as the primary aggressor, demonstrating a willful and reckless disregard for exculpatory evidence and a deliberate indifference to Plaintiff's constitutional rights.

22. This egregious discrepancy between medical fact and law enforcement narrative is neither coincidental nor reasonable, but instead indicative of bias and improper influence—especially in light of Plaintiff's wife's undisclosed romantic relationship with a member of the Chula Vista Police Department while still married to Plaintiff.

23. At all relevant times, Plaintiff's wife, Juli Yslas Dubois, maintained undisclosed and improper contact with the Chula Vista Police Department, including at least ten visits to the police station during the relevant period and an admitted romantic relationship with a police officer, raising questions about impartiality, bias, and conflict of interest in the investigation and arrest of Plaintiff.

24. Plaintiff was transported to Sharp Hospital for medical evaluation, where his defensive injuries were documented and he suffered an immediate adverse cardiac reaction. Despite providing a valid prescription for PRN propranolol, jail and medical staff unilaterally altered Plaintiff's medication regimen against doctor's orders.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 7

25. Plaintiff was detained in the San Diego County Jail under unsanitary and dangerous conditions, denied prescribed medications, and repeatedly suffered cardiac events due to deliberate indifference by jail medical staff and corrections officers. Plaintiff's requests for help were delayed, minimized, or dismissed, resulting in documented episodes of tachycardia, atrial fibrillation, and acute cardiac distress.

26. Despite being the victim, Plaintiff was charged with TWO FELONIES which were *downgraded* to a misdemeanor, forced to accept a plea under duress, and released not from jail but from the hospital at 3am, after another cardiac event, while under the care of the sheriff, without court or probation paperwork, medical instructions, or the ability to enroll in required programs or demonstrate compliance. It should be noted that I had not had an Afib episode for 2 years prior to this.

27. To this day, Plaintiff has not received any court, probation, or law enforcement documentation necessary to comply with court-ordered requirements or to clear his name. The continued inaction and refusal to provide records by Defendants have caused ongoing harm, including denial of due process, continued legal jeopardy, and psychological distress.

## MONELL ALLEGATIONS

28. Plaintiff Scott Selger brings this action against the City of Chula Vista under 42 U.S.C. § 1983, seeking to hold the municipality liable for constitutional violations resulting from official policies, customs, and practices, as established by Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

### 1. **Policy and Practice of Mandatory Arrest in Domestic Violence Cases**

29. Plaintiff alleges that the City of Chula Vista, acting through its Police Department and officers, has a de facto policy and custom of treating the "mandatory arrest" provisions of California law (see Cal. Penal Code § 13701(b), and related state guidance) as a requirement to arrest one party in all domestic violence incidents, regardless of the actual evidence, injuries, or investigative findings.

### 2. **Failure to Train and Supervise**

30. The City has failed to adequately train, supervise, and discipline its officers regarding:

31. Proper investigation and evidence collection in domestic violence incidents;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 9

32. Recognition and documentation of defensive injuries and exculpatory evidence;

33. The constitutional requirement to establish probable cause based on objective facts, not mere accusation or gender bias;

34. Protection of due process rights of arrestees, especially those with documented medical needs or disabilities.

## 3. Custom of Disregarding Exculpatory Evidence

35. It is the custom, policy, and practice of the City, as demonstrated in Plaintiff's case, to ignore or refuse to collect exculpatory evidence (including medical records, defensive wounds, video and digital records, and lack of injuries on the alleged victim), and to arrest based solely on the statements of the reporting party. This deliberate indifference to facts violates the Fourth and Fourteenth Amendments.

## 4. Causal Link to Plaintiff's Injuries

36. As a direct and proximate result of these policies, customs, and failures:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 10

37. Plaintiff was falsely arrested and deprived of his liberty, despite the absence of probable cause;

38. Plaintiff suffered severe physical harm, medical crises, denial of medication, and psychological trauma;

40. Plaintiff's exculpatory evidence was disregarded or lost, resulting in ongoing legal harm, financial loss, and denial of due process.

## 5. Municipal Liability

41. The above-described actions and omissions are not isolated or unique, but are the predictable result of the City's official policy, custom, and practice regarding the handling of domestic violence cases. The City knew or should have known of the constitutional deficiencies in its procedures and failed to correct them, thereby causing Plaintiff's injuries.

39. WHEREFORE, Plaintiff seeks judgment against the City of Chula Vista for compensatory and punitive damages, costs, attorney fees, and such other relief as the Court deems just and proper, as permitted under 42 U.S.C. § 1983.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 11

## CAUSES OF ACTION

**First Cause of Action**

**(Violation of Fourth Amendment – Unlawful Arrest, 42 U.S.C. § 1983)**

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

41. Defendants CHULA VISTA POLICE OFFICERS (including but not limited to JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4), acting under color of law, (CPRA Pending) arrested Plaintiff without probable cause and in violation of his rights under the Fourth Amendment to the United States Constitution.

42. Said arrest was made without consideration of exculpatory evidence, without proper investigation, and in reliance solely upon the uncorroborated accusations of Plaintiff's wife.

43. As a direct and proximate result, Plaintiff suffered loss of liberty, emotional distress, and reputational harm.

**Second Cause of Action**

**(Violation of Fourteenth Amendment – Denial of Due Process and Equal Protection, 42 U.S.C. § 1983)**

44. Plaintiff realleges and incorporates all preceding paragraphs.

45. Defendants, by refusing to consider or collect exculpatory evidence, by failing to conduct a proper investigation, and by applying a gender-biased policy or custom, denied Plaintiff due process and equal protection of the law as guaranteed by the Fourteenth Amendment.

46. The denial of due process and equal protection caused Plaintiff to be wrongly arrested, prosecuted, and subjected to continued legal jeopardy and harm.

**Third Cause of Action**

**(Monell Claim – Policy, Practice, or Custom, 42 U.S.C. § 1983)**

47. Plaintiff realleges and incorporates all preceding paragraphs.

48. The City of Chula Vista, by and through its police department and policymakers, maintained a policy, practice, or custom of:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 13

a. Failing to adequately train, supervise, and discipline its officers regarding the handling of domestic violence investigations;

b. Failing to require the collection and preservation of exculpatory evidence;

c. Applying gender-biased arrest protocols that result in disparate treatment of male victims;

d. Failing to monitor or correct improper relationships between officers and parties to domestic violence cases.

49. This policy, practice, or custom was the moving force behind the constitutional violations suffered by Plaintiff.

**Fourth Cause of Action**

**(Deliberate Indifference to Serious Medical Needs – Eighth & Fourteenth Amendments, 42 U.S.C. § 1983)**

50. Plaintiff realleges and incorporates all preceding paragraphs.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 14

51. Defendants COUNTY OF SAN DIEGO, and DOES 5-10 (including jail medical staff), acting under color of law, exhibited deliberate indifference to Plaintiff's serious medical needs by:

a. Refusing to follow physician orders for PRN propranolol;

b. Delaying or denying prescribed medications during cardiac emergencies;

c. Failing to provide timely and adequate medical monitoring;

d. Housing Plaintiff in unsanitary and dangerous conditions while medically vulnerable.

53. As a result, Plaintiff suffered unnecessary pain, physical injury, and increased risk to his life in violation of his rights under the Eighth and Fourteenth Amendments.

**Fifth Cause of Action**

**(Failure to Provide Due Process – Ongoing Denial of Records, 42 U.S.C. § 1983)**

54. Plaintiff realleges and incorporates all preceding paragraphs.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 15

55. Defendants have failed and refused to provide Plaintiff with necessary court, probation, and police records, denying him the ability to comply with court-ordered obligations, participate in required programs, or demonstrate compliance—thus depriving him of liberty and property without due process of law.

**Sixth Cause of Action**

**(Declaratory Relief – 28 U.S.C. § 2201)**

56. Plaintiff realleges and incorporates all preceding paragraphs.

57. An actual controversy exists regarding the rights and obligations of the parties. Plaintiff seeks a declaration of his rights, including the right to due process, equal protection, and freedom from unlawful arrest and deliberate indifference while in custody.

**Statement of Public Importance and Need for Judicial Oversight**

58. This case presents issues of substantial public importance reaching far beyond the personal circumstances of the Plaintiff. At its core, this action challenges the constitutionality of entrenched policies and practices within the Chula Vista Police Department—specifically, the gender-biased application of domestic violence arrest protocols and the systematic failure to conduct impartial investigations, collect exculpatory evidence, and honor due process rights for all citizens.

59. Statistical evidence and arrest records demonstrate a clear and persistent disparity in the treatment of male and female suspects, resulting in a disproportionate number of men being arrested and prosecuted regardless of objective evidence or actual culpability. The data presented in this complaint reveals a pattern and practice of "arrest first, investigate later"—contrary to both state and federal law, and in direct violation of the principles of fairness and justice which undergird our legal system.

60. Plaintiff brings this action not only to remedy the wrongs he personally suffered, but to expose and rectify a policy framework that has harmed, and continues to harm, countless others. The issues raised are not isolated, but systemic, affecting families, livelihoods, and public trust in law enforcement. The Court's oversight and intervention are essential to ensure that no individual,

regardless of gender or circumstance, is deprived of due process or subjected to arbitrary state action under color of law.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 17

61. In granting relief, this Court will not merely provide redress for a single case but will set a precedent safeguarding the constitutional rights of the broader community. Plaintiff respectfully requests that the Court view this matter as a critical opportunity to uphold equal protection and meaningful justice for all.

## CONCLUSION

62. Plaintiff Scott Selger respectfully submits that the foregoing allegations and supporting evidence demonstrate a clear pattern of constitutional violations by the defendants, both individually and as agents of the City of Chula Vista.

63. The unlawful arrest, deprivation of due process, deliberate indifference to medical needs, and gender-biased enforcement of domestic violence policy are not isolated incidents but part of a systemic failure that has caused profound personal and public harm.

64. Plaintiff seeks not only redress for his own injuries, but meaningful reform to prevent such abuses from recurring. For these reasons, Plaintiff requests the relief set forth below.

## PRAYER FOR RELIEF

65. WHEREFORE, Plaintiff SCOTT SELGER respectfully requests that this Court enter judgment in his favor and against Defendants, and award the following relief:

Compensatory Damages:

66. An award of compensatory damages against all Defendants, jointly and severally, in an amount to be proven at trial, but not less than $1,000,000 (one million dollars).

Punitive Damages (Personal Liability):

67. An award of punitive damages in the amount of $600, assessed personally against each individual officer Defendant, for their deliberate and reckless disregard for Plaintiff's constitutional rights. Plaintiff requests that this portion of damages be satisfied personally by the individual Defendants and not indemnified by the City or Department.

68. Injunctive and Declaratory Relief:
Appropriate injunctive and declaratory relief as the Court deems just, including but not limited to requiring Chula Vista Police Department to revise and enforce constitutional policies on evidence-handling, arrests, and medical care.

69. Attorneys' Fees and Costs:

An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and all other applicable law.

70. Such other relief as the Court deems just and proper.

**I, Scott Selger, declare under penalty of perjury that the foregoing is true and correct.**

**Dated this 25th day of November 2025**

Scott Selger (Plaintiff)(ProSe)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – CIVIL RIGHTS) - 20

Case Manifest

1. Manifest

2. Civil Cover Sheet (JS-44)

3. Complaint

4. Summons (AO-440) x8

5. Request To Proceed In Forma Pauperis (IFP Application (AO-239))

6. Request For Appointment of Counsel (with Supporting Affidavit)

7. Declaration

8. Exhibit List

    a. CVPD Domestic Violence Excerpt from Manual showing flawed Policy

    b. CVPD Graphic Illustrating the Disparity Between Male Female Arrests

    c. UCSD ED Provider Notes names Plaintiff Victim of Battery

    d. SDCJ Medical records showing Negligence Reducing Propranolol Dose w/out my DR's Permission

e. UCSD Hillcrest ED Records Showing condition released from jail in. In Custody 36 Hours in VTAC twice Afib Aflutter on release/ With eminent death/increased risk of morbidity(noted UCSD)

f. Text Message with my Wife Where She Admits Relationship with Police Officer Named John.

g. CPRA Request and Response from Chula Vista Records Department.

h. Police Report showing Procedural Misconduct and inconclusive investigation

i. Call For Service Text Showing Plaintiff as First Reporter

j. Full CPRA Response Still pending (City Attorney Notified)

k. Copy of Public Facebook video  showing wanton battery even though I was filming. Police Ignored

l. CVPD Police Report Showing Juli Yslas (Alleged Victim) with Missing Teeth Without Facial Trauma