UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT REID SELGER,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                          Defendants. | Case No.:  3:25-cv-3395-CAB-VET<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IFP [Doc. No. 3];**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL [Doc. No. 2]** |

On December 1, 2025, Plaintiff Scott Reid Selger, proceeding pro se, sued Defendants County of San Diego, City of Chula Vista, Chula Vista Police Department, Chula Vista Police Officer Does 1–4, et al., pursuant to 42 U.S.C. § 1983. [Doc. No. 1 ("Complaint").]  Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  [Doc. No. 3.]  Additionally, Plaintiff filed a motion to appoint counsel.  [Doc. No. 2.]

Generally, all parties instituting a civil action in this Court must pay a filing fee.  *See* 28 U.S.C. § 1914(a); CivLR 4.5(a).  But under 28 U.S.C. § 1915(a), the Court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or

1

she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiff states his income is $299 per month in CalFresh benefits with $299 in monthly expenses, which he states is exclusively for food. [*See generally* Doc. No. 3.] However, Plaintiff does not explain how he has no other income, including gifts or family support, or expenses, including rent or a mortgage. Plaintiff's application lacks sufficient particularity. The Court **DENIES** his motion to proceed IFP. Plaintiff must file an amended application by **March 19, 2026** or the case shall be **DISMISSED**. As his IFP application is **DENIED**, the Court **DENIES** the motion to appoint counsel as moot. *See Kelly v. FBI*, No. 23-CV-696-TWR-KSC, 2023 WL 3322590, at *2 (S.D. Cal. May 9, 2023) (denying motion to appoint counsel as moot where IFP application was denied).

It is **SO ORDERED**.

Dated:  February 19, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge