UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT REID SELGER, Plaintiff, v. COUNTY OF SAN DIEGO, et al., Defendants. | Case No.: 3:25-cv-3395-CAB-VET **ORDER: (1) GRANTING MOTION TO PROCEED IFP [Doc. No. 5]; (2) DISMISSING COMPLAINT.** |

On December 1, 2025, Plaintiff Scott Reid Selger, proceeding pro se, sued Defendants County of San Diego, City of Chula Vista, Chula Vista Police Officer Does 1–4, Nurse Nicole, Doctor Doe, and Does 5–20 pursuant to 42 U.S.C. § 1983. [Doc. No. 1 ("Complaint").] Selger also filed an initial motion for leave to proceed in forma pauperis ("IFP"), which the Court denied for lack of particularity. [Doc. No. 4.] Selger has refiled his motion to proceed IFP. [Doc. No. 5.]

For the reasons below, the Court **GRANTS** the motion to proceed IFP and **DISMISSES** the complaint.

## I. MOTION TO PROCEED IFP

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But under 28 U.S.C. § 1915(a), the court may authorize

any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Selger states his income is $299 per month in public assistance benefits with $299 in monthly expenses, which is exclusively for food. [*See generally* Doc. No. 5.] He lives with his sister who pays for his rent, utilities, and cellphone. [*Id.* at 6–7; Doc. No. 6.] Selger sufficiently alleges that he cannot pay court costs and still afford the necessities of life. The Court **GRANTS** his motion to proceed IFP. [Doc. No. 5.]

## II. SCREENING OF THE COMPLAINT

### A. Legal Standard

A plaintiff proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if the complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

"The standard for determining whether a plaintiff has failed to state a claim upon

which relief can be granted under § 1915(e)(2)(b)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The Court construes pro se pleadings liberally. *See Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008).

**B. Discussion**

Selger alleges that on October 7, 2025, his wife assaulted him and caused multiple injuries. [Doc. No. 1 at 5–8.] The police allegedly ignored all exculpatory evidence and falsely arrested Selger. He further alleges that while detained at San Diego County Jail he was held in unsanitary and dangerous conditions, denied prescribed medication, and that his requests for help were delayed, minimized, or dismissed. Finally, he alleges that Defendants refuse to provide him with court, probation, or law enforcement documentation.

Selger brings causes of action pursuant to Section 1983 for unlawful arrest, denial of due process and equal protection, a *Monell* claim, deliberate indifference to serious medical needs, ongoing denial of records, and declaratory relief. The Court takes each cause of action in turn.

**1. False Arrest and Denial of Due Process & Equal Protection**

Selger argues that the individual Defendants violated the Fourth and Fourteenth Amendments by arresting him without probable cause, ignoring exculpatory evidence, and failing to conduct a proper investigation. [Doc. No. 1 at 12–13.] Selger alleges that he was charged with two felonies for the events that occurred with his wife on October 7, 2025, but accepted a plea deal which downgraded them to a misdemeanor. [*Id.* at 8.]

A defendant who accepts a plea deal and is thus convicted of a crime is barred from a subsequent § 1983 suit for false arrest when it would "necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see*

*Szajer v. City of L.A.*, 632 F.3d 607, 612 (9th Cir. 2011) (barring unreasonable search and seizure claim related to search of weapons shop that resulted in conviction). Given Selger alleges that he was arrested for assaulting his wife and convicted of a misdemeanor, his Fourth and Fourteenth Amendment claims necessarily imply his conviction's invalidity. *See Jaa v. City of Dublin*, 2014 WL 6986234, at *4 (N.D. Cal. Dec. 9, 2014) (barring § 1983 false arrest claim where plaintiff pled no contest to unlawful possession of a controlled substance); *Webb v. City & Cnty. of San Francisco*, 2011 WL 6151605, at *7 (N.D. Cal. Dec. 12, 2011). Further, Selger does not allege that his misdemeanor conviction has been invalidated. Insofar as he attempts to challenge the validity of his plea and conviction here, Selger must raise that claim in state court. *See Archer v. Lynch*, 610 F. App'x 631, 632 (9th Cir. 2015) (holding that a challenge to the validity of a plea in state court must be brought in state court); *see also Donahue v. Google, LLC*, No. 6:26-CV-981-MC, 2026 WL 1470636, at *2 (D. Or. May 22, 2026) ("The Court understands that Plaintiff challenges the validity of his guilty plea in state court. The remedy, however, is to use the state appellate courts to fix that error."). Accordingly, the Court **DISMISSES** Selger's first and second causes of action without leave to amend.

**2. *Monell* Claim**

Selger alleges that Defendant City of Chula Vista violates the Fourth and Fourteenth Amendments by, *inter alia*, (1) maintaining a de facto policy, practice, or custom of arresting one party (usually the male) in all domestic violence incidents regardless of actual evidence and (2) failing to adequately train, supervise, and discipline its officers regarding the handling of domestic violence investigations. [Doc. No. 1 at 9–11, 13–14.]

A *Monell* claim may not be based upon a "single, isolated or sporadic incident." *Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014) (internal quotation marks omitted). Selger does not allege any acts by the City of Chula Vista and its police officers besides his own, single arrest. *See Davis v. City of Ellensburg*, 869 F.2d 1230, 1234 (9th Cir. 1989) (manner of one arrest insufficient to establish policy). His arrest, on its own, is

insufficient to plead a *Monell* claim. The Court **DISMISSES** Selger's third cause of action with leave to amend.

### 3. Deliberate Indifference to Serious Medical Needs

Selger argues that Defendants County of San Diego and Does 5–10 were deliberately indifferent to his serious medical needs. [Doc. No. 1 at 14–15.] He alleges that Defendants refused to follow physician orders for PRN Propranolol, delayed or denied prescribed medications during cardiac emergencies, failed to provide timely and adequate medical monitoring, and housed Selger in unsanitary and dangerous conditions while medically vulnerable. [*Id.*] Selger alleges that as a result of these actions, he suffered unnecessary pain, physical injury, and risk to his life in violation of the Eighth and Fourteenth amendments. [*Id.*]

The Eighth Amendment's prohibition against cruel and unusual punishment, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, mandates that states provide adequate medical care to all of their prisoners. *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." *Id.* at 104. Inmates bringing deliberate indifference claims against prison officials "may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. Cnty. of Los Angeles,* 833 F.3d 1060, 1067–68 (9th Cir. 2016).

To establish deliberate indifference, a prisoner "need not prove that he was completely denied medical care." *Est. of Prasad ex rel. Prasad v. Cnty. of Sutter,* 958 F. Supp. 2d 1101, 1112 (E.D. Cal. 2013). For example, a prisoner states a sufficient deliberate indifference claim upon alleging that prison staff ignored the instructions of a prisoner's treating physician or unreasonably relied on their own non-specialized conclusions in contravention of a treating physician's directive. *See id.* (holding that the plaintiff sufficiently alleged deliberate indifference when deputies failed to take him to the

emergency department as ordered in the doctor's discharge order); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999).

Selger alleges that "jail medical staff and corrections officers" changed his prescription for propranolol from 'as needed' to 'twice daily' without consulting Selger's doctors. [Doc. 1 at 8; Doc. 1-3 at 8.] He also alleges that he was denied his medication when needed and forced to wait for emergencies. [Doc. 1-3 at 8.] While these allegations could be sufficient plead a deliberate indifference claim, Selger fails to link any of the allegations to specific defendants. *See Scalia v. Cnty. of Kern*, 308 F. Supp. 3d 1064, 1072 (E.D. Cal. 2018) (holding that under § 1983, a plaintiff must satisfy the "linkage requirement" by linking each defendant with some affirmative action or omission that demonstrates a violation of plaintiff's federal rights). Indeed, Plaintiff must describe how *each individual defendant* violated his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). This requirement also applies to Doe defendants. *See Manlove v. Cnty. of San Diego*, 759 F. Supp. 3d 1057, 1063 (S.D. Cal. 2024).

As to Defendant County of San Diego, §1983 liability can only be established pursuant to *Monell*, which as earlier noted may not be based upon a "single, isolated or sporadic incident." *Gant*, 772 F.3d at 618 (internal quotation marks omitted). Selger does not allege any other acts or incidents involving Defendant County of San Diego. The Court thus **DISMISSES** Selger's fourth cause of action with leave to amend.

### 4. Ongoing Denial of Records

Selger alleges that Defendants have not provided him with necessary court and police records, "denying him the ability to comply with court-ordered obligations, participate in required programs, or demonstrate compliance[.]" [Doc. No. 1 at 15–16.] He argues that this violates his right to due process. [*Id.* at 16.] Selger does not specify what exact records he has requested nor who he requested them from.

Regardless, the City's or police department's failure to provide public records is not a constitutional violation and thus fall under § 1983. *See Klat v. Wahl*, No. 24-CV-1474-BAS-AHG, 2025 WL 333794, at *2 (S.D. Cal. Jan. 29, 2025); *see also Hammerlord v.*

*Elliott*, No. 23-CV-663-JO-KSC, 2023 WL 3940109, at *2 (S.D. Cal. June 9, 2023). Indeed, the Supreme Court has held that "[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978). Accordingly, the Court **DISMISSES** Selger's fifth cause of action without leave to amend.

### 5. Declaratory Relief

Selger brings a cause of action for declaratory relief. "[D]eclaratory relief is not an independent cause of action." *Khankin v. JLR San Jose, LLC*, 720 F. Supp. 3d 816, 833 (N.D. Cal. 2024). Because any attempts to amend this claim would be futile, the Court **DISMISSES** Selger's sixth cause of action without leave to amend.

## C. CONCLUSION

The Court **DISMISSES** Selger's first, second, fifth and sixth causes of action **WITHOUT LEAVE TO AMEND**. The Court **DISMISSES** Selger's third and fourth causes of action **WITH LEAVE TO AMEND**. Selger may file an amended complaint by **August 17, 2026**. Should Selger file an amended complaint, he must comply with Local Rule 15.1(c) and include a version "that shows – through redlining, underlining, strikeouts, or other similarly effective typographic methods – how that pleading differs from the previously dismissed pleading." Failure to comply with the Local Rules will result in dismissal of any amended complaint.

It is **SO ORDERED**.

Dated: July 22, 2026

Hon. Cathy Ann Bencivengo
United States District Judge